IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MACK ADAMS, SR., as franchisee of <br> HAROLD'S CHICKEN #87, | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) <br> ) | COMPLAINT FOR VIOLATION OF <br> CIVIL RIGHTS AND STATE <br> SUPPLEMENTAL CLAIMS |
| v. | ) <br> ) | |
| City of Chicago police officers, <br> ANTHONY BRUNO, Star No. 12212, <br> ANDREW JANIK, Star No. 10860, <br> LT. TIM BICKHAM, Star No. 284, <br> UNKNOWN NAME, Star No. 1273, <br> UNKNOWN NAME, Star No. 1276, <br> UNKNOWN NAME, Star No. 11102, <br> UNKNOWN NAME, Star No. 10860, and <br> THE CITY OF CHICAGO, | ) <br> ) <br> ) <br> ) | **JURY DEMANDED** |
| Defendants. | | |

**JURISDICTION AND VENUE**

1.     This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983).  This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331 and 1367.

2.     Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**PARTIES**

3.     At all times herein mentioned, Plaintiff, MACK ADAMS, was and is a citizen of the United States, and was within the jurisdiction of this court.

4.     At all times herein mentioned, Defendant City of Chicago Police Officers, ANTHONY BRUNO, Star No. 12212, ANDREW JANIK, Star No. 10860, LT. TIM

BICKHAM, Star No. 284, UNKNOWN NAME, Star No. 1273, UNKNOWN NAME, Star No. 1276, UNKNOWN NAME, Star No. 11102, and UNKNOWN NAME, Star No. 10860 were employed by the City of Chicago Police Department, and were acting under color of state law and as the employees, agents, or representatives of the City of Chicago Police Department. These Defendants are being sued in their individual capacities.

5. At all times herein mentioned, an unknown number of unnamed City of Chicago police officers ("unknown officers") were employed by the City of Chicago Police Department, and were acting under color of state law and as the employees, agents or representatives of the City of Chicago Police Department. These Defendants are being sued in their individual capacities. Upon discovery of their identities, Plaintiff will amend the complaint to add them as defendants.

6. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the City of Chicago Police Department.

## FACTUAL ALLEGATIONS

7. On or about February 12, 2010, MACK ADAMS was the franchisee of HAROLD'S CHICKEN, #87, which is located in the City of Chicago, County of Cook, State of Illinois.

8. On that day and place, the individual defendant officers entered and searched Plaintiff's restaurant, including by forcibly entering portions of the restaurant which were locked.

9. Neither Plaintiff, nor any of his employees, consented to this search. In fact, they demanded to see a search warrant for the premises.

10. Defendants did not have a search warrant.

11. There were no exigent circumstances justifying the search.

11. On that date, Defendants falsely told employees and members of the public that the restaurant was shutting down because drugs were being sold out of it.

12. By reason of the above-described acts and omissions of defendants, Plaintiff sustained injuries, including but not limited to financial loss, humiliation and indignities, and he suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

13. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

14. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**COUNT I**
**Plaintiff Against All Individual Defendants for**
**UNREASONABLE SEARCH**

15. Plaintiff hereby incorporates and realleges paragraphs one (1) through fourteen (14) hereat as though fully set forth at this place.

16. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

17. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's business was in violation of Plaintiff's constitutional rights and was not authorized by law. Defendant violated Plaintiff's rights in the following manner: they searched the lobby of his restaurant and forced entry into the back of his restaurant and searched it without the consent of MACK ADAMS or any employee. These acts were in violation of Plaintiff's Fourth and/or Fourteenth Amendment rights. Therefore, Defendants, and each of them, if more than one defendant, in their individual capacities are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

### COUNT II
**Plaintiff Against All Individual Defendants and City of Chicago
for the State Supplemental Claim of DEFAMATION**

18. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through thirteen (13) hereat as though fully alleged at this place.

19. Defendants made false statements to various people, including both employees and customers of Plaintiff's restaurant.

20. The Defendants made these statements with reckless disregard as to their truth, and they did so maliciously, to retaliate against the Plaintiff for asserting his Fourth and Fourteenth Amendment rights to be free from unreasonable searches.

21. Plaintiff was damaged by these false statements, which accused Plaintiff of illegal activity and caused him to lose business.

22. As a result of the foregoing, Plaintiff sustained financial loss, humiliation and indignities, and he suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained. Therefore, all Defendants are liable under the supplemental state law claim of defamation.

23. The City of Chicago is liable to Plaintiff for the acts of all the individual defendants pursuant to the doctrine of *respondeat superior*.

24. Therefore, all individual defendants and the City of Chicago are liable under the supplemental state law claim of defamation.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants other than the City of Chicago be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than the City of Chicago be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: s/ Julie M. Owen
Julie M. Owen
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
jowen@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

        BY:    <u>s/ Julie M. Owen</u>
                  Julie M. Owen
                  ED FOX & ASSOCIATES
                  Attorneys for Plaintiff
                  300 West Adams
                  Suite 330
                  Chicago, Illinois 60606
                  (312) 345-8877
                  jowen@efox-law.com